Nova Indrana TJIE, Petitioner,

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 04–73135.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eugene C. Wong, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Lane McFadden, Esq., Jeffrey J. Bernstein, Esq., U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

## MEMORANDUM **

Nova Indrana Tjie, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition in part, grant in part, and remand.

In his decision, the IJ denied Tjie's asylum application because he found that the discrimination and harassment she suffered did not rise to the level of persecution, and because country conditions in Indonesia had changed substantially, defeating her claim of a well-founded fear of future persecution. The IJ discussed the question of whether Indonesian women of Chinese descent are a protected group, but specifically left this determination to the BIA. The BIA summarily affirmed, leaving the issue unresolved.

Because neither the IJ nor the BIA addressed this question or the question of Tjie's individualized risk, we remand so that a determination of whether Tjie has met the requirements for a well-founded fear of future persecution can be made by the agency. *See Sael v. Ashcroft,* 386 F.3d 922, 924–25 (9th Cir.2004).

Tjie failed to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to Indonesia. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005). We therefore deny the petition as to the CAT claim.

Accordingly, we deny the petition in part, grant in part, and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

_____

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and RE-MANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.